UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER M. BLAU,

    Plaintiff,

v.                                        CASE NO: 8:12-cv-2669-T-26AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion to Dismiss (Dkt. 10) and Plaintiff's Response (Dkt. 14). After careful consideration of the arguments of the parties and the applicable law, the Court concludes that the motion should be denied.

**BACKGROUND**

From October 17, 2006, through November 2, 2006, Plaintiff presented himself six times at the Bay Pines Veterans Administration Hospital (BPVAH) for lower back pain.[1] The treatment consisted of a series of injections of steroids and pain medication.[2] On November 15, 2006, he presented to the emergency room again at BPVAH, and was admitted and treated with antibiotics.[3] A needle aspiration was performed on November

---

[1] See docket 1, para. 24.

[2] See docket 1, paras. 24 & 39.

[3] See docket 1, paras. 24-27.

17, 2006, of Plaintiff's gluteal, left thigh abscesses.[4] Following the aspiration, Plaintiff underwent surgery.[5] He was later admitted on November 22, 2006, to Morton Plant Hospital via ambulance to the neurosurgery service.[6] He was eventually transferred back to BPVAH on November 28, 2006.[7] The infection continued, and Plaintiff was finally discharged from BPVAH on January 10, 2007.[8]

In October 27, 2008, Plaintiff filed a Notice of Claim with the Department of Veteran Affairs pursuant to 28 U.S.C. §§ 2675 & 2401 of the Federal Tort Claims Act (the FTCA). Plaintiff claimed he received negligent medical care at BPVAH through the administration of trigger point and intramuscular injections, causing him to develop abscesses and severe infection, largely due to contamination related to the administration. The claim embodied in Standard Form 95 indicates that October 27, 2006, is the date of the incident.[9] The Department of Veteran Affairs denied the tort claim on December 22, 2010. Plaintiff filed a request for reconsideration on May 9, 2011. The reconsideration lasted thirteen months and two weeks and was denied again. On November 27, 2012,

---

[4] See docket 1, paras. 28-30.

[5] See docket 1, para. 31.

[6] See docket 1, paras. 37-39.

[7] See docket 1, para. 41.

[8] See docket 1, para. 55.

[9] See docket 10, Exh. A.

Plaintiff filed this action under the FTCA. In response, Defendant filed this motion to dismiss.

## ARGUMENT

Defendant seeks dismissal of this action based on untimeliness, specifically that it is barred by Florida's four-year statute of repose, section 95.11(4)(b), Florida Statutes.[10] Defendant relies on Spann v. United States, 2012 WL 3776684 (S.D. Fla. 2012). Spann stands for the proposition that a state's statute of repose, as substantive not procedural law, may be applied to the FTCA to bar a plaintiff's claims against the United States. Defendant contends that the bar date established by the statute of repose was October 27, 2010, four years after the date of the incident noted by Plaintiff in his administrative claim. Because Plaintiff filed this action on November 27, 2012, Defendant argues that he was over two years late. Plaintiff counters that (1) he could not have known of the existence of his injury and the cause until late November or early December 2006, (2) Florida's four-year statute of repose is preempted by the FTCA, and (3) Spann is distinguishable on its facts.

## ANALYSIS

Plaintiff is correct that "a medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both

---

[10] Section 95.11(4)(b) of the Florida Statutes provides that actions for medical malpractice absent fraud or intentional misconduct "be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued."

[his] injury and its connection with some act of the defendant." Trupei v. U.S. Dep't of Justice, 239 F. App'x 489, 493 (11th Cir. 2007) (unpublished) (quoting Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999)).  Although the exact date of the incident listed on the administrative claim form is October 27, 2006, the allegations of the complaint and the information in the administrative complaint do not indicate that Plaintiff knew of the cause of the his injury until at a few days or weeks later.  Consequently, Plaintiff's filing of the claim on October 27, 2008, was within the two-year limit of 28 U.S.C. § 2401(b).[11]  There is no question that plaintiff was required to file with the agency first as reiterated in 28 U.S.C. § 2675(a).  Section 2675(a) forbids a plaintiff from bringing an action against the United States for personal injury "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."

     Having determined that the filing of the administrative claim was timely, the Court now turns to the passage of time from the filing of the claim to the agency's final denial.  The first denial of the claim occurred on December 22, 2010, which was after the four-year statute of repose expired on October 27, 2010, or at the latest, the early part of December 2010.  The final denial occurred after reconsideration, which Plaintiff tells us

---

[11]  A plaintiff cannot pursue a tort claim under the FTCA "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

was thirteen months and two weeks after May 9, 2011. The complaint in this Court was filed within six months of the final denial.

This Court finds persuasive the case law cited by Plaintiff that supports a "tolling"[12] of the case while the claim is pending with the agency and before the agency has mailed notice of final denial, thereby triggering the six-month limitation period of section 2401(b). See Mack v. United States, 414 F.Supp. 504 (E.D. Mich. 1976). The issue of tolling must be discussed because § 2675(a) of the FTCA includes a provision that permits the claimant to file an action in court if the agency does not make a final disposition of the claim within six months. The reasoning behind permitting the claimant to wait, however, until a final agency decision is made before filing in court, comports

---

[12] Section 2401(b) is considered both a statute of limitation and, to some degree, a statute of repose. See United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L. Ed. 2d 259 (1979) (stating that statutes of limitations are "statutes of repose . . . protect[ing] defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise."); Abila v. United States, 2012 WL 4711952, at *4 (D. Nev. 2012) (quoting Mamea v. United States, 2011 WL 4371712, at *10 (D. Haw. 2011) that "Congress intended § 2401(b) to occupy the field of both statutes of limitation and statutes of repose."); see also Phillips v. United States, 260 F. 3d 1316, 1318 (11th Cir. 2001) (citing Kubrick and stating that Congress decided the FTCA's applicable limitations period). The time for filing a claim under section 2401(b) of the FTCA is jurisdictional. Kubrick, 444 U.S. at 118, 100 S.Ct. at 357; Robinson v. United States, 327 F. App'x 816, 818 (11th Cir. 2007) (unpublished) (stating that a district court has jurisdiction over a claim under the FTCA "only if the plaintiff has first applied to the appropriate agency and been denied."). The Eleventh Circuit has not decided whether equitable tolling applies to claims under the FTCA. See Ramos v. United States Dep't of Health and Human Servs., 429 F. App'x 947, 951 (11th Cir. 2011) (unpublished).

with the notion that some plaintiffs patiently wait for decisions "thereby increasing the chances of administrative resolution and decreasing the burden on the federal courts." Mack, 414 F.Supp. at 508.  Prohibiting the claimant from waiting on an agency decision under these circumstances "is far too harsh for the claimant whose faith in the administrative process leads him to wait more than six months for the resolution of his claim." Id. at 507.  In this situation, the agency has been put on notice of the claim in the two-year limitation period.

In the circumstances such as in the present case where a plaintiff follows the time constraints of the FTCA, but the state statute of repose would bar the action, there is division among courts with respect to the issue of federal preemption.[13]  Implied conflict preemption "occurs only when it is physically impossible to simultaneously comply with both federal and state law on a topic, or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" West Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 16 (Fla. 2012).  Implied field preemption applies "where the scheme of federal regulation is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" Id. at 15-16.  Under either implied ground, the FTCA preempts state statutes of repose.  With respect to the FTCA's limitation period, it is couched in terms of accrual, indicating Congress "intended

---

[13] Compare Mamea (holding the FTCA preempts state statutes of repose) with Spann v. United States, 2012 WL 3776684 (S.D. Fla. 2012) (holding FTCA claim barred by state statute of repose without discussion of federal preemption).

to occupy the field of both statutes of limitations and statutes of repose." Mamea v. United States, 2011 WL 4371712, at *10 (D. Haw. 2011). As noted in Mamea, each state would then be permitted to define the federal courts' subject matter jurisdiction over FTCA claims by enacting a statute of repose. Mamea, 2011 WL 4371712, at *11. While a statute of repose is considered substantive as the "law of the place," such characterization does not elevate its consideration in determining whether a federal court has jurisdiction over an FTCA claim. Id.

Having determined that the FTCA preempts section 95.11(4)(b) of the Florida Statutes, the Court finds the decisions reaching different conclusions unpersuasive.[14] In those cases, the issue of federal preemption was apparently not raised. Spann is further distinguishable based on a Sixth Circuit case it relies on in reaching its conclusion. See Huddleston v. United States, 485 F. App'x 744 (6th Cir. 2012). In Huddleston, unlike the instant case, the plaintiff failed to file an administrative claim within two years of the incident. The cases that have considered preemption have ruled that preemption applies. See Mamea, 2011 WL 4371712, at *12 (citing Abila v. United States, 2012 WL 4711952 (D. Nev. 2012); Zander v. United States, 786 F. Supp. 2d 880 (D. Md. 2011); and Jones v. United States, 789 F. Supp. 2d 883 (M.D. Tenn. 2011)).

---

[14] See Spann; Smith v. United States, 430 F. App'x 246, 247 (5th Cir. 2011); West v. United States, 2010 WL 4781146 (S.D. Ill. 2010); Vega v. United States, 512 F. Supp. 2d 853, 860 (W.D. Tex. 2007).

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 10) is **DENIED**. Defendant shall file an answer and defenses to Plaintiff's complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on February 26, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record